# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

08/07/2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CRIMINAL 05-00164JMS-02 |
| CASE NAME: | United States of America vs. Jesus Cacho |
| ATTYS FOR PLA: | Thomas Brady |
| ATTYS FOR DEFT: | William M. Domingo<br>David A. Elden |
| INTERPRETER: | Miguel Saibene |
| U.S.P.O.: | Roy Kawamoto |

| | | | |
|---|---|---|---|
| JUDGE: | J. Michael Seabright | REPORTER: | Sharon Ross |
| DATE: | 08/07/2006 | TIME: | 3:00 - 4:25 |

COURT ACTION:  Sentencing to Counts 1 and 2 of the Superseding Indictment:

Defendant present in custody with counsel David Elden and William Domingo.

Allocution by the defendant.

Imprisonment 108 months as to each of Counts 1 and 2 of the Superseding Indictment, to be served concurrently.

Supervised Release 4 years as to each of Counts 1 and 2 of the Superseding Indictment, to be served concurrently under the following conditions:

RECOMMENDATION: 1) Taft.   2) Lompoc.

That the defendant participate in drug treatment and educational training program.

1. That the defendant shall abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory condition).

3. That the defendant not possess illegal controlled substances (mandatory condition)

Page 2
Criminal 05-00164JMS-02
USA vs. Jesus Cacho, aka "Cuco"
August 7, 2006

4. That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 15 valid drug tests per month during the terms of supervision (mandatory condition).

5. That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6. That the defendant shall cooperate in the collection of DNA as directed by the probation officer.

7. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

8. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

9. That the defendant submit to removal proceedings, including deportation or exclusion as required by the Department of Homeland Security. The defendant shall not enter the United States without proper authorization.

10. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

11. That the fine of $15,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. Interest is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Special Monetary Assessment $200.
Advised of rights to appeal.

MITTIMUS:    Forthwith.
Submitted by:    Dottie Miwa, Courtroom Manager