ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 04 2007
at __ o'clock and __ min __ M.
SUE BEITIA, CLERK

| | |
|---|---|
| JESUS CACHO, | CIV. NO. 07-00404 JMS |
| | CR. NO. 05-00164-02 JMS |
| Petitioner, | |
| | MOTION TO REQUEST HONORABLE |
| vs. | DISTRICT COURT JUDGE **J. MICHAEL** |
| | **SEABRIGTH**, INTERVENTION TO |
| | RESOLVED CURRENT CONFLICT OF |
| UNITED STATES OF AMERICA, | INTEREST BETWEEN ATTORNEY |
| | **DAVID A. ELDEN**, WHO HAVE REFUSED |
| Respondent. | TO PROVIDE COURT'S TRANSCRIPTION |
| | AND DENIED ACCESS TO MOTIONS AND |
| | CASE FILE. |

Court's Docket reveals that on July 24, 2007, petitioner Jesus Cacho("Cacho") acting in pro-se filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and also filed a motion requesting an extention of time of 60 days in which to file his memorandum of law in support of his motion to vacate, set aside or correct sentence. That motion was granted by Honorable J. Michael Seabright, on August 3, 2007, stating "Cacho must file his memorandum of law in support of his Motion by Tuesday, October 2, 2007. Clearly reflecting that absent extraordinary circumstances, no further continuance will be granted.

Petitioner understood the mandate of the Court and had have worked so earnestly and arduosly to obtain the necessary Court's Records, such as Grand Jury Minutes, Court's Transcripts, Motions,

Witnesses Reports, Police Reports, Lab Reports, Affidavits taken by the FBI, concerning the Informant's Information and or Transcripts of any Court Hearing involving the informant, I have made every effort available by a Person in Federal Custody. However Mr. David A. Elden, have knowingly and recklessly ignored my efforts conducted by letters and phone calls and had happily shifted his Ethical and Professional Obligations to my wife Jesika Cacho, who as a final alternative was forced to called Mr. Elden's Office inquiring the reasons why he had not complied with her husband's numerous requests for Court Records.

Mr. Elden's response to Ms. Cacho's inquire was I'm not obligated to copy any papers for your husband or to turn to you or any body the Court's File, if you wanted to help him, I will send you a CD, containing the entire case record and transcriptions. Mr. Cacho's wife who doesn't have any training in legal papers agreed to Mr. Elden's offered and provided her mailing address as 2498, Roll Drive, Suite 300; San Diego, California 92154. Upon receipt of Attorney's CD, on or about July 23, she called back to Mr. Elden's office to obtained guidance as to how she may find the appropriate place to get the CD's contents print in paper, after calling a number of places that deal with type of printing she found Ms. Isela Mary Mendoza, who agreed to print the contents of the CD because her husband was working at Home Depot who knew how to worked the process. She received about 638 printed pages on August 27th, 07, and mailed to Mr. Jesus Cacho, the same date.

Hoping to received those printed materials on August 30, 07,

Mr. Jesus Cacho, made an inquire to the Institution's A2D-Unit Team Members Ms. O'Neal (Case Manaher), who called Unit Counselor Mr. Joyner, Mr. Joyner, called the Mail Room and the Mailed Room Supervisor Ms. Vicky Espinoza, told that they have received Mr. Cacho's Legal papers and had opened the box, read the legal materials until they found Mr. Cacho's (SOR) Statement of Reasons, (PSI) and Judgement and Commitment Order, a total of 35 pages, that were returned back to Mr. Elden's Office. During Mail Room's Staff revision and reading of legal materials the container box was destroyed. See Exhibit #1., Wife's Certificate of acknowledgement. See Exhibit #2; Inmate Request to Staff. See Jesus Cacho, Copy of Letter as Exhibit #3; and finally please See Mr. David A. Elden's copy of envelop where he remailed the 35 pages previously returned to his office, those 35 pages were confiscated once again and retained by Unit Counselor Joyner, as of today I do not know the where about of those pages, See Exhibit #4.

## SUPPORTING ARGUMENT WITH CASE LAW IN SUPPORT OF PETITIONER'S MOTION

Your Honor **J. Michael Saebrigth,** I do beleive that the current situation with Attorney David A. Elden, and Institution's arbitrary and blatant abuse of authority committed by Staff Members, without just cause guarantee your intervention. The petitioner submits that he has no other effective remedy Available to him and that exeptional circumstances exist in this case which warrant the exercise of this Court's general Superintendence power to review Mr. Elden's breached of duty. Because it is a breach of duty for an attorney to retain a client's file after discharge; an attorney's work,

product belongs absolutely to the client whether or not the attorney has been paid for his services.

**In Support of his argument** Jesus Cacho, relied On the Kentucky Supreme Court decision held on June 16,2007, decided in an opinion by Justice Will Scott that the client must be given acces to his entire file, including attorneys work product., (Hiatt v.-Clark, KY., No. 2005-SC-000455-MR, 6/15/06).

Attorney's Elden procedures are opposite to the professional Ethics and doing so have provided a CD, containing 638 print pages that Are irrelevant to the petitioner's Constitutional Arguments in U.S.C. 28 § 2255, Motion pending before this Court. More over he had compromized Attorney Client Confidentiality by providing a CD, page Memorandum title USA v. Gomez, et al., USDC-HAWAII Cr.No.05-0300 SOM Totally unrelated to petitioner's cause and have placed in Jeopardy the Confidentiality of Nathaniel Russell, who's submitted Memorandum relates to his co-operation with the Government. See Exhibit #5. As additional support for petitioner's motion he Cites a Fifth Circuit decision in a civil case, Spivey v. Zant, 683 F.2d 881 (5th Cir. 1982), which took the position that the work product doctrine does not apply when a client seeks access to documents created or amassed by his attorney during the course of the representation.

In Concluding Petitioner request Honorable J. Michael Seabrigth, to balance both sides in accordance with the law and ethics, to issued an order Mandating Attorney David A. Elden to produce the Materials requested and to set an Appropriate time frame for the

submission of petitioner's Memorandum of Law.

Respectfully Submitted by

_____
Jesus Cacho, In Pro-Se

////////////////////////////////////////////////////////////
////////////////////////////////////////////////////////////
////////////////////////////////////////////////////////////

////////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////
/////////////////////////////////////////////////////////

/////////////////////////////////////////////////////
////////////////////////////////////////////////
/////////////////////////////////////////////

/////////////////////////////////////////////
///////////////////////////////////////////
/////////////////////////////////////////

///////////////////////////////////////
////////////////////////////////////
//////////////////////////////////

/////////////////////////////////
////////////////////////////