1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF HAWAII

 3
     UNITED STATES OF AMERICA,     ) CR 05-00164 JMS
 4                                 )
                    Plaintiff,     ) Honolulu, Hawaii
 5                                 ) August 7, 2006
              vs.                  ) 3:00 p.m.
 6                                 )
     (02) JESUS CACHO,             ) Sentencing to Counts 1 and 2
 7                                 ) of the Superseding
                    Defendant.     ) Indictment
 8   _____)

 9
                       TRANSCRIPT OF PROCEEDINGS
10            BEFORE THE HONORABLE J. MICHAEL SEABRIGHT
                    UNITED STATES DISTRICT JUDGE
11
     APPEARANCES:
12
     For the Plaintiff:           THOMAS J. BRADY, ESQ.
13                                Office of the United States Attorney
                                  PJKK Federal Building
14                                300 Ala Moana Blvd., Suite 6100
                                  Honolulu, Hawaii  96850
15
     For the Defendant:           WILLIAM M. DOMINGO, ESQ.
16                                Attorney at Law
                                  547 Halekauwila Street, Suite 102
17                                Honolulu, Hawaii  96813
                                     - and -
18                                DAVID A. ELDEN, ESQ.
                                  Attorney at Law
19                                11377 West Olympic Blvd., 10th Floor
                                  Los Angeles, California  90064
20
     Official Court               Sharon Ross, CSR, RPR, CRR, RMR
21   Reporter:                    United States District Court
                                  300 Ala Moana Blvd., Room C-283
22                                Honolulu, Hawaii  96850
                                  (808) 535-9200
23

24

25   Proceedings recorded by machine shorthand, transcript produced
     with computer-aided transcription (CAT).
```

         1   certainly was pre-Booker law under the guidelines and in the

         2   Ninth Circuit. Here between 1990 and 2005, Mr. Cacho was

         3   self-employed and, by his own admissions, earned between five

         4   to six thousand per month. At some point, at least, he had

04:17PM  5   three employees working under him.

         6         It is also clear to the court that he had to have been

         7   making money from his drug trade. And we do know that he was

         8   not truthful to the agents regarding the scope of his drug

         9   activity when initially arrested.

04:17PM 10        So, I do fine that once released from prison, given

        11   his skills, that he will be marketable and certainly much more

        12   marketable than the typical offender here in Federal Court.

        13   So, given that the defendant has not attempted to establish to

        14   any degree that he's unable to pay a fine, the court will

04:17PM 15   impose a fine of $15,000. There is no restitution applicable

        16   here, and a $200 special assessment.

        17        And then, Mr. Cacho, when released from prison, you

        18   would be placed under the following conditions of supervision:

        19   First, that you abide by the standard conditions of

04:17PM 20   supervision; second, you not commit any crimes, federal, state

        21   or local; third, that you not possess illegal controlled

        22   substances; four, that you cooperate in the collection of DNA

        23   as directed by the probation officer; five, that you refrain

        24   from any unlawful use of a controlled substance and submit to

04:18PM 25   one drug test within 15 days of commencement of supervision and

          1   at least two drug tests thereafter, but no more than 15 valid

          2   drug tests per month during the term of supervision; six, that

          3   you not possess a firearm, ammunition, destructive device or

          4   any other dangerous weapon; seven, that you participate in and

04:18PM   5   comply with substance abuse treatment, which includes drug and

          6   alcohol testing, in a program approved by the Probation Office.

          7   And you shall refrain from the possession and/or use of alcohol

          8   while in such a program.

          9          You shall execute all financial disclosure forms and

04:18PM  10   provide the Probation Office and the Financial Litigation Unit

         11   of the U.S. Attorney's Office access to any requested financial

         12   information to include submitting to periodic debtor's exams as

         13   directed by probation.

         14         You shall submit your person, residence, place of

04:19PM  15   employment or vehicle to a search conducted by U.S. Probation

         16   at a reasonable time and in a reasonable manner based upon

         17   reasonable suspicion of contraband or evidence of a violation

         18   of a condition of supervision.  Failure to submit to a search

         19   may be grounds for revocation, and you shall warn any resident

04:19PM  20   present at your premises where you're living that the premises

         21   may be subject to a search pursuant to this condition.

         22         And finally, you shall submit to removal proceedings,

         23   including deportation exclusion as required by the Department

         24   of Homeland Security; and you shall not re-enter the United

04:19PM  25   States without proper authorization.

1          Does either counsel have any reason to put on the
2     record as to why sentence should not be imposed as stated?
3          MR. BRADY:  No, Your Honor.
4          MR. ELDEN:  No, Your Honor.  I do have several
04:19PM  5     requests, though, if I could.
6          THE COURT:  Yes.  All right.
7          MR. ELDEN:  First, could the court recommend --
8          THE COURT:  All right?  Well, let -- before we get
9     there, let me take care of some other matters.  There are no
04:20PM 10     counts to dismiss; is that right?
11          MR. BRADY:  That's correct.
12          THE COURT:  Let me tell your client his appellate
13     rights, and then we'll get to --
14          MR. ELDEN:  That's fine.
04:20PM 15          THE COURT:  Mr. Cacho, I do want to inform you of what
16     your rights are regarding taking an appeal from the judgment
17     and sentence in this case.
18          In order to appeal, you must file a notice of appeal
19     within ten days of entry of judgment.  Failure to do so within
04:20PM 20     that ten-day period normally acts as a waiver, meaning you
21     would give up your right to appeal.  So, you must do so within
22     that ten-day window.
23          You also have a right to assistance of counsel in
24     pursuing an appeal.  And if you cannot afford counsel to bring
04:20PM 25     an appeal on your behalf, then one may be appointed for you --

```
                1    or will be appointed for you free of charge.  The government
                2    also has a right to appeal the sentence I imposed.
                3           Do you understand those rights?
                4           THE DEFENDANT:  (In English)  Yes, I understand.
04:20PM         5           THE COURT:  All right.
                6           Okay.  Some recommendations then?
                7           MR. ELDEN:  Yes, Your Honor.  Could -- I would ask the
                8    court to recommend that he be housed in Southern California --
                9    in the Southern California area.  Taft would probably be the
04:21PM        10    appropriate level but, if not Taft, at Lompoc.
               11           THE COURT:  All right.  Do you want me to make
               12    specific recommendations or just say Southern California?  I'm
               13    open to either -- either way.
               14           MR. ELDEN:  Why don't we make a recommendation for
04:21PM        15    Taft?
               16           THE COURT:  Taft is No. 1 and Lompoc is No. 2?
               17           MR. ELDEN:  Yes.  Second, Your Honor, as to the fine,
               18    could that be directed to be paid at -- in an amount to be
               19    determined by the probation -- or the supervised release
04:21PM        20    officer?
               21           THE COURT:  Yeah, there should have been a provision
               22    on that.  And can I waive interest until he gets out of
               23    custody?
               24           PROBATION OFFICER:  Yes, Your Honor.
04:21PM        25           THE COURT:  All right.
```

|   |   |   |
|---|---|---|
|   | 1 | PROBATION OFFICER: And it generally is at least 10 |
|   | 2 | percent of the defendant's gross income per month minimum. |
|   | 3 | MR. ELDEN: That's after he gets out? |
|   | 4 | PROBATION OFFICER: Yes. |
| 04:22PM | 5 | THE COURT: Okay. So, what I'm going to do to make it |
|   | 6 | clear then is as to the fine, the interest will be waived while |
|   | 7 | you're in custody, Mr. Cacho. So, interest won't be running |
|   | 8 | while you're in custody. Once you're out of custody and on |
|   | 9 | supervision, interest will begin to accrue at that point in |
| 04:22PM | 10 | time. Do you understand that? |
|   | 11 | THE DEFENDANT: (In English) I understand. |
|   | 12 | THE COURT: All right. After you're released from |
|   | 13 | prison, you shall pay the fine based on installments agreed -- |
|   | 14 | I'm sorry -- instructed to you by probation but in an amount |
| 04:22PM | 15 | not less than 10 percent of your monthly gross income. Do you |
|   | 16 | understand that? |
|   | 17 | THE DEFENDANT: I understand. |
|   | 18 | THE COURT: All right. Does that take care of that? |
|   | 19 | MR. ELDEN: I think that that does, Your Honor. I |
| 04:22PM | 20 | think we need a minute order just to reflect that, but that |
|   | 21 | will be fine. |
|   | 22 | THE COURT: All right. That will be included as a |
|   | 23 | condition of supervision. We'll add that as a condition of |
|   | 24 | supervision. All right? |
| 04:22PM | 25 | Any other recommendations then, Mr. Elden? |

| | | |
|---|---|---|
| 08/01/2006 | 65 | APPLICATION Regarding Custody by USA as to Jesus Cacho (eps ) - SEALED (Entered: 08/01/2006) |
| 08/02/2006 | 66 | ORDER Regarding Custody as to Jesus Cacho . Signed by Judge KEVIN S.C. CHANG on 8/2/06. (eps ) - SEALED (Entered: 08/02/2006) |
| 08/07/2006 | 67 | EP :Sentencing to Counts 1 and 2 of the Superseding Indictment: Defendant Jesus Cacho present in custody with counsel David Elden and William Domingo.Count(s) 1s, 2s Imprisonment 108 months as to each of Counts 1 and 2 of the Superseding Indictment, to be served concurrently. Supervised Release 4 years as to each of Counts 1 and 2 of the Superseding Indictment, to be served concurrently. Fine of $15,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office. Special Monetary Assessment $200. MITTIMUS: Forthwith.. (Court Reporter Sharon Ross.) (JUDGE J. MICHAEL SEABRIGHT )(eps, ) (Entered: 08/10/2006) |
| 08/10/2006 | 68 | JUDGMENT as to Jesus Cacho (2), Count(s) 1s, 2s, Imprisonment 108 months as to each of Counts 1 and 2 of the Superseding Indictment, to be served concurrently. Supervised Release 4 years as to each of Counts 1 and 2 of the Superseding Indictment, to be served concurrently. Fine of $15,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office. Special Monetary Assessment $200. MITTIMUS: Forthwith. . Signed by Judge J. MICHAEL SEABRIGHT on 8/9/06. (eps ) (Entered: 08/10/2006) |
| 08/10/2006 |  | COURT'S CERTIFICATE of Service - 68 Judgment and SOR, served by First Class Mail to David Eldon, SOR to William M Domingo to the addresses of record on 8/10/06; SOR to USA by hand delivery; Registered Participants of CM/ECF received the Judgment electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (eps ) (Entered: 08/10/2006) |
| 09/01/2006 | 69 | *SEALED* PRESENTENCE INVESTIGATION REPORT ((Original sealed and held in probation office) as to Jesus Cacho, aka "Cuco" (afc) (Entered: 09/04/2006) |
| 09/01/2006 | 70 | *SEALED* SENTENCING RECOMMENDATION (Original sealed and held in probation office) as to Jesus Cacho, aka "Cuco" (afc) (Entered: 09/04/2006) |
| 07/24/2007 | 71 | MOTION to Vacate, Set Aside or Correct Sentence By A Person In Federal Custody under 28 U.S.C. 2255 by Jesus Cacho. (Attachments: # 1 Mailing Documentation)(eps ) -- *ccd to JMS*<br>Civil case 1:07-cv-404 opened. Modified on 7/31/2007 to correct file date(gls, ). (Entered: 07/27/2007) |

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:05CR00164-002                                  Judgment - Page 7 of 7
DEFENDANT:        JESUS CACHO, aka "Cuco"

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    [ ]    Lump sum payment of $ _ due immediately, balance due
            [ ]    not later than _ , or
            [ ]    in accordance    [ ] C,  [ ] D,  [ ] E, or  [ ] F below, or

B    [✔]    Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D    [ ]    Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E    [ ]    Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [✔]    Special instructions regarding the payment of criminal monetary penalties:
That the fine of $15,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.