EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK  3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JESUS CACHO, | ) | CV. NO. 07-00404 JMS |
| | ) | CR. NO. 05-00164-02 JMS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | UNITED STATES' REQUEST FOR |
| | ) | ORDER FINDING ATTORNEY-CLIENT |
| UNITED STATES OF AMERICA, | ) | PRIVILEGE WAIVER AS TO FORMER |
| | ) | ATTORNEYS DAVID A. ELDEN AND |
| Respondent. | ) | WILLIAM M. DOMINGO; EXHIBIT A; |
| | ) | |
| _____ | ) | |

UNITED STATES' REQUEST FOR ORDER FINDING
ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER
ATTORNEYS DAVID A. ELDEN AND WILLIAM M. DOMINGO

A.   INTRODUCTION

On July 24, 2007, Petitioner Jesus Cacho filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In his § 2255 motion, Cacho challenges the sentence imposed upon his conviction after entering guilty pleas on

December 5, 2005, without a plea agreement, for drug trafficking offenses.  Cacho contends that his sentence was improper because: (1) he was unlawfully induced to plead guilty; (2) he was convicted based on unlawfully obtained evidence; (3) the prosecution failed to disclose exculpatory evidence; and (4) he was denied effective assistance of counsel.  Accordingly, Cacho contends that his sentence should be vacated, set aside, or corrected.

In order for the United States to investigate Cacho's contention that he received ineffective assistance from the attorneys who represented him, it will be necessary to interview both David A. Elden, Esq. and William M. Domingo, Esq.  For the reasons stated in part C herein, we request that the Court issue the attached proposed order (Exhibit A) finding that Cacho has waived his attorney-client privilege with both Mr. Elden and Mr. Domingo so that they may be interviewed without violating the attorney-client privilege.

B.  BACKGROUND

On May 4, 2005, a Superseding Indictment was returned in the District of Hawaii charging petitioner Cacho, along with co-defendants Alejandro Gonzalez-Guerrero and Jesika Cacho, with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 1), and aiding and abetting in the possession

with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2).[1]

Upon Cacho's arrest, Mr. Domingo was appointed to represent Cacho. Cacho initially pled not guilty to the charges. On July 29, 2005, Mr. Elden filed an application with this Court for admission pro hac vice to represent Cacho as retained counsel. Also on July 29, 2005, this Court granted Mr. Elden leave to appear pro hac vice. Mr. Domingo remained assigned to the case as local counsel.

On December 5, 2005, Cacho withdrew his not guilty pleas and entered pleas of guilty to both counts as charged without a plea agreement. On August 7, 2006, the Honorable J. Michael Seabright sentenced Cacho to concurrent 108-month terms of imprisonment and concurrent 4-year terms of supervised release on each count. In addition, Cacho was ordered to pay a fine of $15,000, as well as a $200 special assessment. The Court filed its written judgment on August 10, 2006. Cacho did not appeal his conviction and sentence.

As Cacho's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was filed in the District Court on July 24, 2007, the motion appears to have been timely filed

---

[1] Jesika Cacho was not charged in Count 2 of the Indictment.

within the one-year statutory limitation period provided by 28 U.S.C. § 2255.[2]

    C.    REQUEST FOR ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER ATTORNEYS DAVID A. ELDEN AND WILLIAM M. DOMINGO

The United States will need to interview Mr. Elden and Mr. Domingo in order to investigate Cacho's claim that his former attorneys provided him with ineffective assistance of counsel. The United States will have to explore the conversations that took place between petitioner and Mr. Elden and Mr. Domingo that relate to the actions or inaction that Cacho alleges amounted to ineffective assistance of counsel. The United States asserts that by raising this claim of ineffective assistance of counsel, petitioner has waived his attorney-client privilege as to those conversations with Mr. Elden and Mr. Domingo that relate to this issue. Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003), cert. denied, 540 U.S. 1013 (2003).

Accordingly, in order for the United States to investigate Cacho's claims and to file an informed response, we

---

[2] Also on July 24, 2007, Cacho filed a motion requesting an extension of time of 60 days in which to file his memorandum of law in support of his motion. On August 3, 2007, the Court granted Cacho's motion and ordered Cacho to file his memorandum of law by October 2, 2007. On October 8, 2007, the Court extended the time to November 30th. Cacho did not file his memorandum of law until December 3, 2007. Cacho's memorandum of law appears to be untimely, nevertheless, the United States's response will address any issues raised in Cacho's memorandum of law.

respectfully request that the Court issue the annexed proposed order (Exhibit A), or a similar order, finding that Cacho has waived his attorney-client privilege as to these communications so that Mr. Elden and Mr. Domingo can be interviewed by the United States without violating the attorney-client privilege.

DATED: December 12, 2007, at Honolulu, Hawaii.

    Respectfully submitted,

    EDWARD H. KUBO, JR
    United States Attorney
    District of Hawaii


    By /s/ Thomas Muehleck
        THOMAS MUEHLECK
        Assistant U. S. Attorney

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

  I hereby certify that, on the dates and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by First Class Mail:

Mr. Jesus Cacho              December 12, 2007
93666-198
CI Taft
Correctional Institution
Inmate Mail/Parcels
P.O. Box 7001
Taft, CA 93268

  Pro Se

                  /s/ Rowena Kang