EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

THOMAS MUEHLECK  3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JESUS CACHO, | ) CV. NO. 07-00404 JMS |
| | ) CR. NO. 05-00164-02 JMS |
| Petitioner, | ) |
| | ) ORDER FINDING THAT PETITIONER |
| vs. | ) JESUS CACHO HAS WAIVED HIS |
| | ) ATTORNEY-CLIENT PRIVILEGE AS |
| UNITED STATES OF AMERICA, | ) TO COMMUNICATIONS/ISSUES RAISED |
| | ) BY JESUS CACHO IN HIS SECTION |
| Respondent. | ) 2255 MOTION |
| | ) |
| _____ | ) |

ORDER FINDING THAT PETITIONER JESUS CACHO
HAS WAIVED HIS ATTORNEY-CLIENT PRIVILEGE
AS TO COMMUNICATIONS/ISSUES RAISED BY
JESUS CACHO IN HIS SECTION 2255 PETITION

BACKGROUND

On July 24, 2007, Petitioner Jesus Cacho ("Petitioner") filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255 ("§ 2255 motion") challenging his sentence of 108 months imprisonment imposed in December, 2005, upon Petitioner's conviction after

pleading guilty to both counts of an indictment charging him with drug-related offenses.

In his § 2255 motion, Petitioner claims that he did not receive effective assistance of counsel.  In *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003), the Ninth Circuit held that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer."  The Court finds that in making and pursuing this allegation of ineffective assistance of counsel against Mr. Elden and Mr. Domingo in his present § 2255 motion, Petitioner has waived the attorney-client privilege that might otherwise apply to the communications between a defendant and his attorneys, as to the issues raised in the § 2255 motion, as well as to communications between Petitioner and Mr. Elden and Mr. Domingo reasonably related to such claims.

Accordingly, in order to investigate the ineffective assistance of counsel claim made by Petitioner in his present § 2255 motion and to reply to such claim, the United States Attorney is entitled to inquire into certain communications between Petitioner and Mr. Elden and Mr. Domingo, which communications would otherwise be protected by the attorney-client privilege.  Consequently, Mr. Elden and Mr. Domingo are

authorized to provide information to the United States about such attorney-client communications between Petitioner and Mr. Elden, and Petitioner and Mr. Domingo, to the extent such communications involve, or are reasonably related to, the ineffective assistance of counsel claim made in Petitioner's § 2255 motion.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, December 14, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Jesus Cacho v. United States of America*, Civ. No. 07-00404 JMS, Cr. No. 05-00164-02 JMS; "Order Finding That Petitioner Jesus Petitioner Has Waived His Attorney-Client Privilege as to the Instant Section 2255 Proceedings"