DECLARATION OF COUNSEL

I, David A. Elden, hereby state under penalty of perjury that the following is true and correct:

1. I was retained as counsel for plaintiff JESUS CACHO.

2. Prior to Mr. Cacho's change of plea hearing on December 5, 2005, I thoroughly explained to him the maximum penalties he would be facing if he were to plead guilty. Among other things, I informed him that he could be deported.

3. Mr. Cacho's claim that I failed to provide adequate representation is unfounded.

4. Mr. Cacho claims that after he was sentenced, he requested that his counsel file a notice of appeal. More specifically, Mr. Cacho claims that after he was sentenced, he called his wife and instructed her to contact his attorney to file a notice of appeal. Mr. Cacho claims that his wife called my office and spoke to an assistant named Lilia Felix. Mr. Cacho claims that Ms. Felix told his wife that since Mr. Cacho had already been sentenced, there was "nothing to do with his appeal." Mr. Cacho claims that he was denied effective assistance of counsel because a timely notice of appeal was not filed and because I failed to consult with him regarding his right to appeal.

5. Mr. Cacho was sentenced on August 7, 2006, after

EXHIBIT B

    pleading guilty without a plea agreement to a two-count indictment. At no time before, during, or after Mr. Cacho's sentencing did Mr. Cacho ever indicate a desire to appeal his sentence.

6. At Mr. Cacho's sentencing, Judge Seabright informed Mr. Cacho of his appellate rights. Immediately after Mr. Cacho's sentencing, I spoke to Mr. Cacho, along with local counsel, Mr. William Domingo. Mr. Domingo and I again informed Mr. Cacho of his appellate rights. Mr. Cacho indicated that he did not want to file an appeal. Accordingly, no notice of appeal was filed.

7. Subsequent to Mr. Cacho's sentencing, Mr. Cacho's wife never contacted my office regarding Mr. Cacho's desire to file an appeal. I have an assistant named Lilia Felix, however, she does not recall receiving a telephone call from Mr. Cacho's wife requested that an appeal be filed on his behalf. Mr. Cacho's wife never contacted me or anyone in my office regarding Mr. Cacho's desire to file an appeal.

8. Mr. Cacho further claims that he received ineffective assistance of counsel because his counsel failed to object to the improper venue in Hawaii. Mr. Cacho's claim is without merit as venue was proper in Hawaii.

9. The facts and statements set forth in the foregoing

document are true and correct to the best of my

knowledge and belief.

DATED: Los Angeles, California, January 28, 2008.

DAVID A. ELDEN