## DECLARATION OF COUNSEL

I, William M. Domingo, hereby state under penalty of perjury that the following is true and correct:

1. I was local counsel for plaintiff JESUS CACHO.

2. Prior to Mr. Cacho's change of plea hearing on December 5, 2005, I thoroughly explained to him the maximum penalties he would be facing if he were to plead guilty. Among other things, I informed him that he could be deported.

3. Mr. Cacho's claim that I failed to provide adequate representation is unfounded.

4. Mr. Cacho claims that after he was sentenced, he requested that his counsel file a notice of appeal. More specifically, Mr. Cacho claims that after he was sentenced, he telephoned his wife and instructed her to contact his attorney to file a notice of appeal. Mr. Cacho claims that his wife called counsel's office and spoke to an assistant by the name of Lilia Felix. Mr. Cacho claims that Ms. Felix told his wife that since Mr. Cacho had already been sentenced, there was "nothing to do with his appeal." Mr. Cacho claims that he was denied effective assistance of counsel because a timely notice of appeal was not filed. Mr. Cacho was sentenced on August 7, 2006, after pleading guilty without a plea agreement to a two-count indictment. At



EXHIBIT C

no time before, during, or after Mr. Cacho's sentencing did Mr. Cacho indicate a desire to appeal his sentence.

5. I do not currently have, nor have I ever had, an assistant by the name of Lilia Felix.

6. Mr. Cacho's wife never contacted me or anyone in my office regarding Mr. Cacho's desire to file an appeal.

7. Immediately after Mr. Cacho's sentencing, I spoke to Mr. Cacho, along with Mr. Cacho's retained counsel, Mr. David Elden. Both Mr. Elden and I explained to Mr. Cacho that he had the right to file an appeal. Mr. Cacho indicated that he did not want to appeal. Accordingly, no notice of appeal was filed. My understanding was that Mr. Cacho was satisfied with the result and that his wife had been found not guilty.

8. Mr. Cacho further claims that he received ineffective assistance of counsel because his counsel failed to object to the improper venue in Hawaii as no overt acts occurred in Hawaii. Mr. Cacho's claim is without merit as venue was proper in Hawaii.

9. The facts and statements set forth in the foregoing document are true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, January 23, 2008.

*[signature]*
WILLIAM M. DOMINGO