Jesus Cacho
Reg. 93666-198
P.O. Box 7001/A2D
Taft, California 93268

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 27 2008

at 3 o'clock and 50 min. P M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JESUS CACHO, | ) |
|  Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 07-00404 JMS |
| | ) RELATED TO CRIMINAL CASE NO. |
| UNITED STATES OF AMERICA, | ) 05-00164-02 JMS |
| | ) |
|  Respondent. | ) ) ) |

**TRAVERSE OF GOVERNMENT'S RESPONSE TO PETITIONER'S**
**HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2255**

Comes now the petitioner, Jesus Cacho, pro se, in Traverse of Government's response to petitioner's motion to vacate, set aside, or correct sentence pursuant to Title 28 U.S.C. § 2255 entered for the above entitled matter.

The Government response, to the motion pursuant to Title 28 U.S.C. § 2255, argues six independent reasons as to why this petitioner's arguments must fail. This Traverse will show the error in the profusion of standards called upon, by the government, in order as presented by its response. Petitioner will show that relief is warranted and available in this case.

## **TRAVERSE**

2. <u>Legal Argument</u>

On Pages 15-16 of the government brief, their attorney has argued that petitioner's Claim that he was denied effective assistance of counsel when his attorney failed to file a timely notice of appeal on his behalf of his Section 2255 should be denied. Because, government counsel argues, both of petitioner's former attorneys, Mr. Elden and Mr. Dominguez through their Declaration, consulted with Cacho following his sentencing and once again informed him of his appellate rights. [Gov't. Resp. at 15], quoting Attorneys Decl. as Exhibits B & C.

While the record was expanded through both of attorneys Declarations to show that there was in fact consultation with petitioner regarding his appellate rights, the record is completely silent as to what advice, if any, was given to petitioner as to his advantages and disadvantages of taking an appeal. See **Roe v. Flores-Ortega**, 528 U.S. 470, 478 (2000). In this respect, the self-serving declarations are more probative of what it does not address rather than what it does. In fact, there was not consultation at all as the record clearly shows.

By all accounts, petitioner had only one conversation with his attorney regarding the issue of an appeal. In this respect, this conversation was initiated when, after being instructed by this Court on August 7, 2006 regarding his right to appeal. Just after the Court imposed the sentence petitioner was escorted by U.S. Marshalls out of the courtroom, Mr. Elden told petitioner that he will come back to see him. [See Petitioner's Declaration at 1] Then he was placed in the holding cell at the courthouse by the U.S. Marshalls. On couple hours later petitioner was transported back to FDC Honolulu where he was detained awaiting to finish his criminal proceedings.

That was the last time that petitioner have seem or spoke with Mr. Elden in connection with his criminal case. In this instance, where a case presents extra record material factual issues which turn upon a credibility determination of the witnesses, such as where opposing affidavits are submitted, the District Court cannot make the credibility determination by simply choosing between the affidavits without an evidentiary hearing. See **Smith v. McCormick**, 914 F.2d 1153, 1170 (9th Cir. 1990)(Habeas trial court improperly decided defendant's claim of ineffective assistance of counsel in capital murder case based upon declaration of trial counsel, rather than holding required hearing); **United States v. Giardino**, 797 F.2d 30, 32 (1st Cir. 1986)(same); **Lindhorst v. United States**, 585 F.2d 361, 365 (8th Cir. 1978)(same). This is just as true where the affidavit is submitted by prior counsel opposing the defendant's sworn factual allegations in an ineffective assistance of counsel claim. Id. Simply stated, "[t]he district court cannot prefer the lawyer's affidavit to petitioner's verified pleading without a hearing." **Smith**, 914 F.2d at 1170.

In the instant case, the government has responded to petitioner's Section 2255 motion by moving for denial of the motion. The government has made reference to matters outside and beyond the "pleadings" of the motion, so Federal Rule of Civil Procedure 56 requires that the Court view the evidence in the light most favorable to the non-moving party, petitioner. **Teague v. Scott**, 60 F.3d 1167, 1171-72 (5th Cir. 1995); **Meyers v. Cillins**, 8 F.3d 249, 252-53 (5th Cir. 1993); **Cain v. Smith**, 686 F.2d 374, 380 [n. 10] (6th Cir. 1982). Viewed in the light most favorable to petitioner, his Section 2255 motion states a viable claim for relief. See **United States v. Sandoval-Lopez**, 409 F.3d 1193, 1198 (9th Cir. 2005)(counsel's refusal to comply with defendant's specific instructions to file appeal constitutes ineffective assistance).

Taking petitioner's allegations as true, however, he did not merely

3

demonstrate to counsel his interest in an appeal, he explicitly told his lawyer, through his wife and his actions, he wanted to appeal and his lawyer refused to do so. The situation addressed by this language in **Flores-Ortega** is one where a defendant expresses some interest in appealing but would have been talked out of it if his counsel had explained the unwisdom of such a decision. Petitioner, on the other hand, says he explicitly asked his lawyer to file an appeal and his lawyer refused. Prejudice exists because, but for his lawyer's refusal, petitioner would have appealed. **Sandoval-Lopez**, 409 F.3d at 1198.

Based the facts, law, and evidence submitted by petitioner, the Court should grant an evidentiary hearing to allow him to prove his case. Id.

3. **Counsels' Failure to Object to Venue Does Amount
   To Ineffective Assistance of Counsel**

As set forth in the Memorandum of Law in Support, supra, government counsel has argued that "counsels' failure to object to venue does not amount to ineffective assistance of counsel." [Gov't. Resp. at 17] This assertion is misplaced. Contrary evidence abounds; "On April 5, 2005, Gonzalez-Guerrero informed the undercover agent that a courier known as "Cuco" (later identified as Cacho) would deliver two pounds of methamphetamine to the undercover agent in Orange County, California on April 7, 2005. [PSR at ¶ 12] On April 7, 2005, Cacho met the undercover agent in the parking lot of shopping mall in Santa Ana, California and provided the undercover agent with a box containing two packages covered in duct tape. [PSR at ¶ 13] Subsequent analysis by a Drug Enforcement Agency ("DEA") laboratory established that the packages contained an aggregate total of 895.3 grams, net weight, of d-methamphetamine hydrochloride with a 99-percent purity. [PSR at ¶ 13]

Although there exists a strong presumption that counsel's performance falls within the "wide range of professional assistance," **Strickland**, 466 U.S. at 689,

defense counsel must, "at a minimum, **conduct a reasonable investigation**, enabling him to make informed decisions about how best to represent his client." **Rios v. Rocha**, 299 F.3d 796, 805 (9th Cir. 2002), citing **Sanders v. Ratelle**, 21 F.3d 1446, 1456 (9th Cir. 1994)(emphasis in original). The Supreme Court has emphasized the importance of counsel's investigation and production of mitigating evidence in analyzing the effectiveness of counsel. See e.g., **Wiggins v. Smith**, 539 U.S. 510 (2003); **Williams v. Taylor**, 529 U.S. 362 (2000). In reviewing ineffective assistance of counsel claims, the court must "evaluate the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceedings." **Williams**, 529 U.S. at 397-98.

a.  **Conspiracy Count**

Citing numerous cases, primarily from other jurisdictions, the Government argues, in its response, that "[I]t is widely acknowledged that a telephone call can constitute an overt act for purposes of venue if it furthers the conspiracy." [Gov't. Resp. at 17-18]  While this argument by the government attorney is correct with respect that "telephone calls can constitute overt acts in furtherance of conspiracy," the government attorney has misstated the law as to whether the offense begun, continued, or was completed in Hawaii. In petitioner's case, Venue in the district of Hawaii with respect to Count I of the indictment—conspiracy to distribute and possess with intent to distribute drugs— is plainly improper. While the alleged drug conspiracy in this instance occurred totally in the district of California, no overt acts occurred in the District of Hawaii. See **United States v. Pace**, 301 F.3d 1034, 1040-41 (9th Cir. 2002).

As directed by the Supreme Court, in order to determine the proper venue for an offense, the court must first identify the conduct constituting the nature of the crime and then the location of the commission of the criminal acts. **United**

5

States v. Rodriguez-Moreno, 526 U.S. 275, 279-80 (1999). After reviewing the relevant authorities and evidence in petitioner's case, the nature of a conspiracy drug offense is the distribution and possession of methamphetamine and venue is appropriate only in a district where either the "distribution" or "possession" occurred. Thus, despite the existence of some contacts with Agent Joel Rudow by telephone in Hawaii the purpose of the unlawful activity of illegal drug trafficking of methamphetamine was entirely in California. [PSR at ¶¶ 12, 13] Prosecution for the contested drug offenses is not appropriate in Hawaii because the "distribution" and "possession" occurred outside that district.

In the instant matter, there is no allegation that the "distribution" nor the "possession" touched that district. In its response to the venue challenge based on ineffective assistance of counsel by failing to object it, the Government highlights petitioner's numerous ties with that district. Those ties, however, pertain to telephone calls by Agent Rudow, not the charged conspiracy to distribute and possession of methamphetamine within the district of Hawaii. [Gov't. Resp. at 18-19]

The Government incorrectly relies on the "telephone calls" to Agent Rudow which is alleged to have taken place while the agent was stayed in Hawaii. As discussed earlier, the continuing offense statute, § 3237, does not permit prosecution in any place where the scheme touches; instead, it requires prosecution where the charged drug offenses initiated, passed through, or was completed. The petitioner submits that an accurate reading of the facts of the case shows that no overt act occurred in Hawaii and that the declared intention of one of the parties to the transaction—the government's undercover agent—to take the drugs to Hawaii, is not enough to justify venue being laid in Hawaii. Since a government agent cannot be a conspirator, United States v. Williams, 274 F.3d 1079, 1084 (6th Cir. 2001), the only conspirators were petitioner and Gonzalez-

6

Guerrero. The evidence, taken in light most favorable to the prosecution, shows that these men conspired to sell methamphetamine; the evidence does not show that their agreement was to do so for the purpose of causing drugs to be resold or distribute in Hawaii. [PSR at ¶ 12] (On April 5, 2005, Gonzalez-Guerrero informed the undercover agent that a courier known as "Cuco" (later identified as Cacho) would **deliver two pounds of methamphetamine to the undercover agent in Orange County, California on April 7, 2005.**)(emphasis added).

The evidence shows, at most, that petitioner and Gonzalez-Guerrero agreed to a drug transaction that began, was consummated, and ended in California. See **Williams**, 274 F.3d at 1084. It is true that they heard Agent Rudow mention that **he** was going to sell the mehtmaphetamine in Hawaii, the undercover, was not a conspirator. Moreover, he knew that the mehtamphetamine would never be sold in Hawaii because he was facilitating the drug raid that would end the conspiracy in California. Id. at 1085.

The government's argument that Hawaii was a proper venue because "a telephone call with an undervocer agent can constitute an overt act in furtherance of conspiracy" is unpersuasive. Hawaii was chosen as a venue **solely** for the convenience of the government; the case agent was located in Hawaii. None of the overt in consummation of the conspiracy occurred in Hawaii and the conspiracy had no effect in Hawaii. Moreover, it was never intended to have any effect there. The government agent knew when he was making his drug deals with Gonzalez-Guerrero that the drugs would never reach Hawaii and that the drugs would be seized and the petitioner arrested in California.

As a result, the conspiracy between petitioner and Gonzalez-Guerrero was simply one to sell the methamphetamine in California to a buyer in California, who professed that it was **his** purpose (although it was not) to resell the drugs in Hawaii. That agreement did not provide the conspirators, petitioner and

Gonzalez-Guerrero, "substantial contacts" to Hawaii. Under these circumstances, the government agent cannot arbitrarily determine venue merely by his few contacts over telephone calls by stating, falsely, where he intends to take the drugs for resale. **Williams**, 274 F.3d at 1085. As such, the government's argument in this claim must fail by law and facts of the case.

In this instance, federal counsel failed to conduct any investigation as proper venue in Hawaii. Mr. Elden did not conduct any investigation as to why was proper in Hawaii even though he had available at the time of petitioner's case enough precedent to raise the proper objection. But he did not. Failure to investigate and pursue an objection at the outset of petitioner's case based on improper venue fell below the objective standard of reasonableness and satisfies the first prong of petitioner's ineffective assistance of counsel claim.

Federal counsel's assumption that venue was proper in Hawaii without regarding the law and facts of the case, Elden Decl. at 2, ¶ 8, was unreasonable, and "any decision to forgo a defense on the basis of unreasonable assumptions is not a reasonable decision or a strategic or tactical decision entitled to deference." **Rios**, 299 F.3d at 806. Had counsel raised the proper objection at the outset of petitioner's criminal case as to the improper venue in Hawaii. Petitioner's case would have been dismissed in Hawaii and transferred to California in which the conspiracy was initiated, continued and ended there.

The failure by federal counsel to investigate or pursue the improper venue in Hawaii fell below the applicable objective standard of reasonableness to which counsel are held. Moreover, if not for the error of counsel, petitioner's criminal case would have been dismissed in Hawaii and transferred to California where he would have received a lesser sentence as he was merely a courier. [PSR at ¶ 12] Thus, the outcome of the previous proceeding would have been different, and thus the error constitutes ineffective assistance of counsel.

b.  **Aiding and Abetting Count**

"[W]hen a defendant is charged in more than one count, venue must be proper with respect to each count." **United States v. Corona**, 34 F.3d 876, 879 (9th Cir. 1994)(collecting cases).  The court must conduct a separate venue analysis for the substantive crimes and the conspiracy, even if the substantive crimes are committed in furtherance of the conspiracy.  Id., quoting **United v. Jordan**, 846 F.Supp. 895, 898 (D.Nev. 1994).  "[T]he locus delecti [of the crime charged] must be determined from the nature of the crime alleged and the location of the act or acts constituting it." **United States v. Cabrales**, 524 U.S. 1, 6-7 (1998).  In determining the "locus delecti" of a crime, the Supreme Court directs us to "initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." **Rodriguez-Moreno**, 526 U.S. at 279.  Venue is therefore appropriate only in the district where the conduct comprising the essential elements of the offense occurred.

Appropriate venue under the substantive drug statute of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 is far from clear in the present case because the government did not allege the "distribution" or "possession" the methamphetamine at issue in drug trafficking Count 2 was either distributed or possessed in the District of Hawaii.  Rather, the government argues that both Cacho and Gonzalez-Guerrero engaged in numerous telephone conversations with Special Agent Rudow while Special Agent was in Hawaii.  [Gov't. Resp. at 19]  The key verb in the statute at issue in this case is "distribute."  See **Corona**, 34 F.3d at 879.  Although some of the initial discussions over the telephone for the drug deal in this case took place in Hawaii, "[a]ctions which are merely preparatory or prior to the crime are not probative in determining venue....  [O]nly actions by the defendant which constitute ... distributing ... are probative in determining

9

venue." Id. Because the distribution here took place entirely in California, venue on Count 2 was not proper in Hawaii. The acts of preparation based on discussions over telephone in Hawaii with Agent Rudow are simply not relevant to this issue. As such, the government's argument in opposition to this claim must fail as well.

Thus, venue in Hawaii was improper with respect to both counts of the Superseding Indictment and both attorneys' representation of petitioner fell outside of range of professionally competent assistance.

### c. Petitioner Did Not Waive His Venue Objection By PLeading Guilty

"Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment." **Strickland**, 466 U.S. at 681. The record reflects that neither Mr. Elden nor Mr. Domingo conducted substantial investigation before advised petitioner to plead guilty of both counts of the Superseding Indictment. Applying the **Strickland** standard, both of attorneys performance cannot be said to have been objectively reasonable under the prevailing professional norms.

Thus, petitioner did not waive his venue objection by attorneys' failing to investigate and to raise the proper objection in which improper venue in Hawaii. When lawyer advises his client to plea guilty to an offense which attorney has no investigate, there is no presumption that counsel has exercised reasonable professional conduct. In the other hand, petitioner was constructively denied assistance of counsel, then the conviction must be overturn because prejudice is presumed by failing to challenge an improper venue in Hawaii before advising his client to plead guilty that they had not investigated.

4.   **Petitioner Has Alleged and Proved Prejudice as a Result of the Performance of Counsel**

Article III, Section 2, Clause 3 of the United States Constitution states the basic venue requirements for criminal prosecutions under federal law.

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

U.S. Const. art. III, § 2, cl. 3. "The guarantee is for a trial in the state and district where the offense was committed." **Pace**, 301 F.3d at 1038. Here, the government has argued in opposition that "[petitioner] cannot possibly claim to have suffered prejudice where counsels' representation was objectively reasonable and effective." [Gov't. Resp. at 20] Here, the government attempts to muddy what the petitioner perceives as clear waters. The petitioner is guided by the explicit Constitutional and statutory language for venue purposes in this case.

As shown above, the government has not met the burden of showing that petitioner beg[a]n, continued, or completed" the "distribution" in Hawaii. Thus, petitioner is actually innocent for a crime which he was charged and convicted in Hawaii. A defendant who pleads guilty may challenge the "very power of the State to bring a defendant into court to answer the charge against him." **Blackledge v. Perry,** 417 U.S. 21, 30 (1974).

Based on the failure of counsels' to preliminary pursue a challenge of venue prior to advise his client to plea guilty. The prejudice is presummed because petitioner was charged, convicted, and sentenced in a district that he did not have commit any crime. See **Evans v. Lewis,** 855 F.2d 631, 637 (9th Cir. 1988). As such, both of counsels' performance fell below an objective standard of reasonableness and he was prejudiced because of it.

### a. Failure to File a Notice of Appeal Did Prejudice Petitioner

As to the second prong of the **Strickland** test, the **Flores-Ortega** Court held that the failure to file an appeal that the defendant wanted filed denies the defendant his constitutional right to counsel at a critical stage. Id. 120 S.Ct. at 1038. In such cases, prejudice is presumed because rather than being denied the opportunity for a fair proceeding, the defendant is denied the opportunity for a proceeding at all. Id. (citing **Smith v. Robbins,** 120 S.Ct. 746, 765 (2000); **Penson v. Ohio,** 109 S.Ct. 346, 354 (1988); **United States v. Cronic,** 104 S.Ct. 2039, 2047 (1984).

Accordingly, to satisfy the prejudice prong of the **Strickland** test, a defendant who shows that his attorney has ignored his wishes and failed to appeal his case need only demonstrate that, but for the attorney's deficient performance, he would have appealed. **Flores-Ortega,** 120 S.Ct. at 1038. The pleadings in this case allege that petitioner, through his wife three days after his sentencing, made an initial request of his attorney to file an appeal. The attorney's office, through his assistant Ms. Lilia Felix, then responded that an appeal was not his best option because he [Cacho] was already been sentenced.

Under these circumstances, there seems little doubt that, had petitioner been objectively informed of the options he possessed, petitioner would have filed an appeal. That being the case, petitioner has sufficiently demonstrated that, but for his attorneys' deficient performance, he would have taken and appeal and that, therefore, he was deprived of his Sixth Amendment right to effective assistance of counsel. Petitioner is unmoved by the government's disorted reasoning that counsel's alleged failure to file an appeal does not, in any way, undermine confidence in the outcome of Cacho's proceedings. [Gov't. Resp. at 21] In his attempt to obscure the issue presented, the government attorney

effectively compares a new Jaguar with a Yugo. In sum, petitioner's motion, pursuant to 28 U.S.C. § 2255, will be granted with respect of ineffective assistance of counsel claims as he have demonstrated deficient performance and prejudice by both attorneys actions and omissions through his criminal proceedings.

## CONCLUSION

Based on all of the foregoing, petitioner respectfully asks this Honorable Court to:

    A.) **FIND** that the government opposition to his Section 2255 motion is not well taken; and,

    B.) **ORDER** an evidentiary hearing as set forth and requested in his Section 2255 motion so that he can prove his case.

DATED: this 20th day of February

Respectfully submitted,

Jesus Cacho
Reg. 93666-198
P.O. Box 7001/A2D
Taft, California 93268

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2008, that the true and correct copy of the foregoing Traverse of Government's response to Petitioner's habeas corpus pursuant to 28 U.S.C. § 2255 was mailed via U.S. first class mail, postage prepaid, and deposited same at Taft Correctional Institution addressed to:

Thomas Muehleck
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

By: _____
Jesus Cacho
Petitioner