# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JESUS CACHO,<br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>    Respondent. | ) CV. NO. 07-00404 JMS<br>) CR. NO. 05-00164-02 JMS |

## DECLARATION OF JESUS CACHO

In accordance with the provisions of Section 1746 of Title 28, United States Code, I hereby make the following declarations:

1. I, Jesus Cacho, am currently incarcerated at Federal Bureau of Prisons (BOP) TCI located in Taft, California.

2. On August 7, 2006, I was sentenced to one hundred eight (108) months of imprisonment, a fine of $15,000., a $200. special assessment, and four (4) years supervised release.

3. The judge announced my sentence at about 3:10 p.m., immediately after my sentence announcement I was escorted by the U.S. Marshall Service out of the courtroom.

4. While on the move rapidly, I heard from Mr. Elden (my attorney of record) saying that he will come back to see me at the holding area, which is located at down stairs of the courtroom.

5. I was moved to holding cell immediately after removed from the courtroom.

6. Several hours of waiting, the U.S. Marshall Service moved me to FDC Honolulu, Hawaii.

7. During the period I was at courthouse Mr. Elden did not see me as he said he would. The U.S. Marshall's log will corroborate my

statement. The last time I saw Mr. Elden and Mr. Domingo was in the courtroom where Mr. Elden stated he will come to see me.

8. I arrived at this institution in Taft, California on September 15, 2006.

9. I was telephoning at least once a month to Mr. Elden's office. Due to the avoidance of taking my telephone calls I left several massages to his office.

10. I wrote letters to Mr. Elden and received no response from him.

11. In Mr. Elden's declaration, item number six (6), he stated "Immediately after Mr. Caco's sentencing, I spoke to Mr. Cacho, along with local counsel, Mr. William Domingo. Mr. Domingo and I again informed Mr. Cacho of his appellate rights. Mr. Cacho indicated that he did not want to file an appeal. Accordingly, no appeal was filed."

12. The Counsel's statement is contradictory to item four (4), secondly, in order for him explaining as he stated requires at least several minutes. Due to judges time schedule the sentenced defendants are quickly moved to holding area by U.S. Marshalls. The only way my counsel would have explained me such a method would be to see me in the holding area where I was for several hours.

13. In order for my counsel to see me would have come to the holding area. The U.S. Marshall Service always log the attorney, client meetings. Since neither Mr. Elden nor Mr. Domingo came to see me at the holding area, I could not have discussed the matter explained by Mr. Elden in his declaration. It may be confirmed by checking the record possessed by the U.S. Marshall's office on my

sentencing day.

14. In reply to item seven (7) of Mr. Elden's declaration, please refer to my wife's declaration. As she (my wife) stated that she had a conversation with Ms. Lilia Felix three days after my sentencing regarding to file a notice of appeal in my behalf.

I declare under penalty of perjury that foregoing is true and correct to the best of my knowledge.

Executed this 19 day of February 2008.

_____
Jesus Cacho
Inmate at Taft Institution.