JEFFREY T. ARAKAKI 4093
ATTORNEY AT LAW
1188 Bishop Street, Ste. 1604
Honolulu, Hawaii 96813
Telephone: (808) 531-5517

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 05 2008

at 8 o'clock and 49 min. A M
SUE BEITIA, CLERK

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JESUS CACHO, | ) | CIVIL NO. 07-00404 JMS |
| | ) | CR. NO. 05-00164-02 JMS |
| Petitioner, | ) | |
| | ) | FIRST SUPPLEMENT TO |
| vs. | ) | TRAVERSE OF |
| | ) | GOVERNMENT'S RESPONSE |
| | ) | TO PETITIONER'S HABEAS |
| UNITED STATES OF AMERICA, | ) | CORPUS PETITION |
| | ) | PURSUANT TO 28 U.S.C. |
| Respondent. | ) | SECTION 2255; EXHIBIT A |
| | ) | |
| | ) | |
| _____ | ) | |

FIRST SUPPLEMENT TO TRAVERSE OF GOVERNMENT'S
RESPONSE TO PETITIONER'S HABEAS CORPUS
PETITION PURSUANT TO 28 U.S.C. SECTION 2255

PETITIONER JESUS CACHO, by and through his court-appointed

counsel, Jeffrey Arakaki, submits the following to supplement his Traverse

Of Government's Response To Petitioner's Habeas Corpus Petition Pursuant

To 28 U.S.C. Section 2255 filed on February 27, 2008:

PETITIONER'S decision to file the instant 2255 matter arose because his counsel, Mr. Elden, failed to respond to his telephone calls and letters and did not see him as promised after his sentencing on August 7, 2006. His request that a Notice of Appeal be filed relative to his sentencing was similarly prompted by the failure of Mr. Elden to meet with him as promised.

It was the understanding of Mr. Cacho based on the representation of his counsel that he would have the opportunity to get a reduction in his sentence even after he was sentenced on August 7, 2006, if he cooperated with the Government. This belief was buttressed by a debriefing which occurred on the morning of his sentencing and further fostered by comments made by government agents who conducted that debriefing. Present at that debriefing were two government agents, counsel Elden and his assistant Lilia Felix. Mr. Cacho has since learned that Federal Rules of Criminal Procedure Rule 35 allows for such consideration.

Mr. Elden and Mr. Domingo both represent that they asked Mr. Cacho after he was sentenced whether he wanted to appeal his sentence to which he replied in the negative. Mr. Cacho cannot recall that such an inquiry was made in the courtroom and represents that since his sentencing neither

-2-

attorney has had contact with him.   Again, he represents that Mr. Elden

promised to see him after sentencing and to this date has not kept that

promise.

When Mr. Elden did not meet with him as promised, Mr. Cacho

became concerned about the consequences of his plea and whether he

In fact would be able to benefit from cooperation.  The deadline for an

appeal was coming up and the lack of response from his counsel made him

fearful.  He wanted clarity in what was happening and did not get it.

Mr. Cacho acted in the only way he knew how.  He called his wife and

asked her to contact Mr. Elden to file for an appeal.

Mrs. Cacho called the office of counsel Elden and spoke to Lilia Felix

informing her that her husband wanted Mr. Elden to file an appeal.  (See

Exhibit A)

Mr. Cacho continued in his efforts to contact Mr. Elden telephonically

and through letters.  He received no response.  His attempts at cooperation

and getting a lower sentence seemed to have abated.  The deadline for

appeal had passed and he believed his counsel to be ineffective.  He learned

that he could file the instant petition and did so after his efforts at

communication with counsel failed.

Mr. Cacho is seeking the opportunity lost when his counsel failed to continue to assist him in his efforts at cooperation. He is cognizant of the Government's position regarding his cooperation (See Defendant's Sentencing Memorandum Exhibit 1-2 filed on July 10, 2006.) Exhibit 1 is a letter from Mr. Muehleck to Mr. Elden and Mr. Elden's response to Mr. Muehleck's letter. The letters discuss what would happen if the Government comes into custody of fugitive co-defendant Alexandro Gonzalez-Guerrero and whether Mr. Cacho would benefit from same.

The reality of the matter is that Mr. Gonzalez-Guerrero is still a fugitive who has facilitated the distribution of about 300 pounds of dangerous drugs into our country and probably continues in this nefarious act. Mr. Cacho believes he can effect the capture and extradition of Mr. Gonzalez-Guerrero with the help of his police officer relative in Mexico if given the opportunity to try. He wants to cooperate with the government agents who debriefed him.

We respectfully ask the government to reconsider its position regarding the cooperation of Mr. Cacho and agree to a remedy which would allow for a Rule 35 possibility. This counsel is willing to assist Mr. Cacho

and the Government regarding this matter.

Dated Honolulu, Hawaii, May 4, 2008.

JEFFREY ARAKAKI